UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTHEW J. TROLLOPE,<br><br>    Plaintiff,<br><br>    v.<br><br>SUMMER M. VAUGHN,<br><br>    Defendant. | Case No. CV 18-03902-JLS (JDE)<br><br>ORDER SUMMARILY<br>DISMISSING PETITION |

## I.

## INTRODUCTION AND SUMMARY OF ALLEGATIONS

On May 10, 2018, Matthew J. Trollope ("Petitioner") filed a "Petition Non-Statutory Writ of Habeas Corpus Void Judgment Coram Non Judice Lack of Jurisdiction Bill of Attainder Clause Article 1 Section 9 Cl. 3 Violation" against his ex-wife, Summer M. Vaughn (Dkt. 1 ("Petition" or "Pet.")), a "Memorandum of Laws" in support of the Petition (Dkt. 2) and a Request to Proceed in Forma Pauperis (Dkt. 1 at 37-38 (CM/ECF pagination), "IFP Request"). Petitioner had previously a similar action against Summer Vaughn, which this Court dismissed on January 26, 2018. See Matthew J. Trollope v. Summer M. Vaughn (Trollope), Case. No. 2:17-cv-08930-JLS (JDE) ("Prior Action"), Dkt. 9, 10.

As best the Court can glean, as with the Prior Action, Petitioner complains about the imposition and collection of a support obligation he owes to Ms. Vaughn, and asks this Court to declare the underlying support order void. Pet. at 1-2, 9. Petitioner's claims are not cognizable on federal habeas review and are subject to summary dismissal.

## II.
## PLAINTIFF IS NOT ENTITLED TO
## THE RELIEF HE SEEKS FROM THIS COURT

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

"The power of a federal habeas court 'lies to enforce the right of personal liberty.' As such, a habeas court 'has the power to release' a prisoner, but 'has no other power[.]'" Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").

A writ of habeas corpus is only available to "a person in custody." 28 U.S.C. §§ 2241(c) & 2254(a). "Because the "in custody" requirement is jurisdictional, "it is the first question we must consider." Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted). To be in custody generally requires a restraint on liberty not experienced by the public generally. Id. A fine or a restitution order does not satisfy the in-custody

2

requirement. Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010); Williamson, 151 F.3d at 1183.

Further, the power a habeas court has with respect to a state prisoner is "'the power to release' a prisoner – it has no other power. Douglas, 626 F.3d at 504. Thus, a federal habeas court lacks the authority to revise or void a state court judgment. Id.

Outside of the context of statutory writs of habeas corpus, "the common law writs survive only to the extent that they fill 'gaps' in the current systems of postconviction relief." United States v. Valdez-Pacheco 237 F.3d 1077, 1079 (9th Cir. 2001). A petitioner "may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." Id. at 1080 (holding a petitioner could not avoid the limitation against second or successive habeas petitions contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") by pleading a common law writ).

Here, the Petition fails for a number of basic reasons. First, the Court lacks jurisdiction to hear it because Petitioner does not allege he is "in custody," even interpreting that phrase liberally. Being subject to a fine or order of restitution does not rise to the level of "in custody" for purposes of habeas relief. See Bailey, 599 F.3d at 978-79; Williamson, 151 F.3d at 1183. It follows that being subject to a civil child support order, which is no more coercive that a criminal fine or order of restitution, also does not rise to the level of "in custody" for habeas relief. To the extent Petitioner asserts that the "in custody" requirement does not apply because he is requesting a "non-statutory" writ, to the extent such a common law writ survives, it cannot be used to "circumvent valid congressional limitations on collateral attack" – such as the "in custody" limitation. See Valdez-Pacheco, 237 F.3d 1077.

Second, even if the Court had jurisdiction, it lacks the authority to render the relief apparently sought – voiding a state court judgment. A habeas court has the authority to release a prisoner/petitioner; it lacks the authority to alter or "void" a state court judgment. Douglas 626 F.3d at 504. Third, in a related defect, the Petition names only his ex-wife as the Defendant. The Court cannot enter an order to "void" a state court judgment against a private party who has no ability to comply with such an order, even were it cognizable.

Fourth, the Petition does not allege exhaustion of state remedies. Before seeking federal habeas relief resulting from a state judgment, a petitioner must exhaust available state remedies, thereby giving the state courts the "opportunity to pass upon and correct alleged violations" of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (citation omitted)). To do so, the petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004). Petitioner does not allege exhaustion.

Fifth, as the underlying state court judgment was apparently entered in 1998, as no basis for tolling is readily apparent, it appears the Petition is untimely under the AEDPA's one-year limitations period as well. See 28 U.S.C. § 2244(d).

Sixth, under the domestic relations exception to federal jurisdiction, the exercise of subject matter jurisdiction here is not warranted. The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). "Even when a federal question is presented, federal courts decline to hear

disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988).

Habeas relief is unavailable to Petitioner for a number of independent, jurisdictional reasons.

### III.
### DISMISSAL IS REQUIRED

"If the court determines at anytime that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added); see also Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."). Further, under the Rules Governing Section 2254 Cases in the United States District Court ("Federal Habeas Rules"), which may be applied to any habeas corpus petition, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge <u>must</u> dismiss the petition." Federal Habeas Rules 1, 4 (emphasis added); see also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). In addition, this Court's Local Rules provide that an assigned "Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." Local Rule of Court 72-3.2.

Here, for the reasons set forth above, it plainly appears from the face of the Petition that Petitioner is not entitled to the relief he seeks, rending the Petition subject to summary dismissal.

The Court recognizes that there are some circumstances in which it may be appropriate for a district court to convert a non-cognizable habeas petition into a civil rights complaint under 42 U.S.C. § 1983 ("Section 1983"). See Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc). However, the Court finds that this action is not amenable for such conversion for a number of reasons. First, because Section 1983 liability requires a violation of a constitutional right by someone acting under color of state law (see, e.g. Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974) (purely private conduct, no matter how wrongful, is not covered under Section 1983)), liability is not readily apparent here as the sole Defendant, Petitioner's ex-wife, is apparently a private citizen. Second, as the Petition seeks to void a state court judgment, the claims would be subject to the Rooker-Feldman bar. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (Rooker-Feldman applies "when the federal plaintiff asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment"). Third, whereas a habeas petition requires only a $5 filing fee, a civil rights claim carries a filing fee of $350 and an administrative fee of $50, for a total filing fee of $400. See 28 U.S.C. § 1914 and Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14. Although Petitioner filed an IFP Request, the Court finds that Petitioner, who earns $2,500 per month, has not met his burden of showing that payment of the applicable fee would render him unable to afford the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). As a result, were this case to be converted into a civil rights action,

Petitioner would be required to pay a $400 filing fee. As Petitioner has not expressly indicated a desire to proceed in that manner, and the allegations contained in the Petition do not support liability under Section 1983, the Court declines to sua sponte convert the action to a civil rights action.

Plaintiff cannot proceed on the Petition and conversion of the Petition into a Section 1983 action is not warranted.

## IV.
## ORDER

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, Rule 4 of the Federal Habeas Rules, and Local Civil Rule of Court 72-3.2,

IT IS ORDERED that judgment be entered summarily dismissing this action without prejudice for lack of jurisdiction.

Dated: August 13, 2018

_____
JOSEPHINE L. STATON
United States District Judge

Presented by:

_____
John D. Early
United States Magistrate Judge